## Disanti v. Falls of Schuylkill Building, Saving Fund & Loan Association

*Hyman Schwartz,* for plaintiff.

*Wilson & Wilson,* for defendant.

SMITH, P. J., September 23, 1935.—In this case the plaintiff filed a bill in equity against the defendant, asking the court to permit the plaintiff to pay into court at once the sum of $887.54, and to direct the defendant to mark satisfied of record a mortgage in the sum of $20,000 held by the defendant association, with directions to the defendant to return to the plaintiff the satisfied mortgage, cancelled bond and warrant, policy of fire insurance, etc., and that the court enjoin preliminarily until hearing and perpetually thereafter the defendant association from instituting foreclosure proceedings upon certain mortgages held against the property of the plaintiff.

There are two mortgages involved, one in the sum of $20,000 secured by 200 shares of stock in the defendant building and loan association, and another mortgage in the sum of $3,000 secured by 15 shares of building and loan stock of the defendant association. As to the matter of the $20,000 mortgage plaintiff claims that he has paid to the association dues, interest and fines due and owing the association, with the exception of certain fines due the association after the expiration of the six months' period. The same condition exists with regard to the mortgage in the sum of $3,000. The plaintiff has offered to pay into court the sum of $887.54, which he claims is the amount due and owing the association, but the defendant has refused to accept the same, claiming that there is due and owing to the association by the plaintiff the fines claimed, aggregating a sum of $1,017.28. It is the difference between these two sums about which this controversy exists.

The defendant filed preliminary objections to the bill,

setting forth that the plaintiff had a complete and adequate remedy at law.

It was called to the attention of the court that since the filing of the bill the plaintiff has forwarded to the defendant a check in the sum of $887.54, so that this money has actually been received by the defendant. It is evident that in his demand that the mortgage in the sum of $20,000 be satisfied, plaintiff is claiming this right under the Act of April 3, 1851, P. L. 868, sec. 14, providing for the payment of disputed money into court. The plaintiff has failed however to fulfill the conditions of the act of assembly in that he has neglected to pay into court the total amount actually due on the mortgage as claimed by the defendant. If this had been done, the mortgage could then have been satisfied of record and the dispute could have been determined subsequent to the immediate satisfaction of the mortgage. The controversy between the litigants in this case is purely for determination of how much money is due and owing by the plaintiff to the defendant. We see no reason therefore in granting the prayer of the plaintiff and proceeding upon the injunction. The plaintiff could be properly protected by filing an affidavit of defense to any proceeding at law instituted by the defendant. The matter could best be adjudicated by a jury; the remedy there would be adequate and complete. It appears there is no allegation of fraud, accident or mistake. In our opinion this is not such a matter for a court of equity to take jurisdiction. The preliminary objections to the bill as filed by the defendant are sustained.